# EXHIBIT 1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### District of Massachusetts

| | |
|---|---|
| DR. ASHU GARG | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. 4:20-cv-40060-DHH |
| VHS ACQUISITION SUBSIDIARY NO. 7 d/b/a | ) |
| SAINT VINCENT HOSPITAL, et al. | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: BOARD OF REGENTS OF THE UNIVERSITY OF OKLAHOMA
660 Parrington Oval, Suite 119, Norman, Oklahoma 73019

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

SEE ATTACHED SCHEDULE A.

| Place: OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. | Date and Time: |
|---|---|
| The Heritage Bldg., 621 North Robinson Ave., Suite 400 Oklahoma City, OK 73102 | 10/19/2021 5:00 pm |

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/21/2021

CLERK OF COURT

OR

_____     /s/ Olivia L. Vehslage
_Signature of Clerk or Deputy Clerk_          _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ Defendants
VHS Acquisition Subsidiary No. 7 d/b/a Saint Vincent Hospital, et al. , who issues or requests this subpoena, are:

Olivia L. Vehslage, Ogletree Deakins, One Boston Place, Suite 3500, Boston, MA 02108, olivia.vehslage@ogletreedeakins.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  4:20-cv-40060-DHH

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____                        _____
                                                                                *Server's signature*

                                                          _____
                                                                              *Printed name and title*

                                                          _____
                                                                                *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2) Command to Produce Materials or Permit Inspection.**
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3) Quashing or Modifying a Subpoena.**
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2) Claiming Privilege or Protection.**
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Schedule A

## DEFINITIONS

1.   The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

2.   The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a). A draft or nonidentical copy is a separate document within the meaning of this term.

3.   "Ashu Garg" shall refer to Ashu Garg, M.D., and includes anyone acting on his behalf, including any and all employees, agents, attorneys, representatives, or any other persons who have acted or purported to act on behalf of Ashu Garg.

4.   "The University of Oklahoma" shall refer to The Board of Regents of the University of Oklahoma.

5.   The terms "concern" or "concerning" shall mean "referring to, describing, evidencing, or constituting.

## INSTRUCTIONS AND MANNER OF PRODUCTION

1.   The documents covered by these requests include all documents in your possession, custody, or control.

2.   If you withhold any document or portion of a document based on a claim of privilege, work product, or subject to a recognized immunity from discovery, you must:

   a.   Produce concurrently a separate log that complies with the requirements of Federal Rule of Civil Procedure 26(b)(5) including a description of the document sufficient to allow the receiving party to assess the privilege or protection claim

without disclosing any privileged information, and including at least the

following:

     i.    the author(s);

     ii.    the person(s), entity, or entities to whom it was addressed, or to whom

         the document or a copy of the document was sent;

     iii.    the nature or basis of the privilege or protection claimed;

     iv.    the date of the document; and

     v.    identification of all attorneys and a description of their role

b.  If a document contains both privileged and non-privileged information, it shall be

produced with the privileged information redacted in such a way as to show the

location of the redaction within the document.

3.  If any document requested has been lost, destroyed or otherwise disposed of, please

furnish a log identifying each such document, and state the following information: (i) the type of

document; (ii) the date of the document; (iii) the title of the document; (iv) the author(s) of the

document; (v) the intended and actual recipients of the document; (vi) the general subject matter

of the document; and (vii) the circumstances of the destruction of the document, including the

date on which the document was lost, destroyed, or otherwise disposed of, the name of the

person who ordered or authorized its destruction or disposition, the conditions or reasons for

such destruction or disposition, and all persons having knowledge of its contents.

4.  Documents attached to each other should not be separated.

5.  In producing documents and other materials, you are requested to furnish all

documents or things in your possession, custody or control, regardless of whether such

documents or materials are possessed directly by you or your agents, employees, representatives,

managing agents, affiliates, accountants, investigators, or by your attorneys or their agents, employees, representatives or investigators.

6.   If you object to any part of any request, you shall state fully in writing the nature of the objection. Notwithstanding any objections, you shall nonetheless comply fully with the other parts of the request to which you are not objecting.

7.   Each request for production shall be construed independently and not with reference to any other request for production for the purpose of limitation.

8.   The use of the singular form of any word includes the plural and vice versa. The past tense shall include the present tense and vice versa.

9.   If you do not understand any part of any request or these Definitions and Instructions, you should seek clarification from counsel for Defendants.

## DOCUMENTS REQUESTED

1.   Produce any and all documents that refer to, relate to, evidence, or reflect in any way to the application of ASHU GARG for employment and/or participation in the radiology residency program, including his job applications, resume, and correspondence.

2.   Produce any and all documents that concern, refer to, relate to, evidence, or reflect ASHU GARG'S participation in the radiology residency program at THE UNIVERSITY OF OKLAHOMA, including but not limited to any documents relating to his performance, evaluation of that performance, remediation, and reference letters sent on his behalf.

3.   Produce any and all documents that concern, refer to, relate to, evidence, or reflect ASHU GARG'S termination from employment and/or the radiology residency program by THE UNIVERSITY OF OKLAHOMA.

4.   Produce the Confidential Settlement Agreement between ASHU GARG and THE

UNIVERSITY OF OKLAHOMA.

5.   Produce any and all communications and documents that concern, refer to, relate to,

evidence, or reflect the Confidential Settlement Agreement between ASHU GARG and THE

UNIVERSITY OF OKLAHOMA.

6.   Produce any and all documents concerning communications between DAVID A.

BADER, M.D., F.A.C.R. and THE UNIVERSITY OF OKLAHOMA regarding ASHU GARG.

7.   Produce any and all communications with ASHU GARG which concern,

refer or relate to his departure from THE UNIVERSITY OF OKLAHOMA, including but not

limited to the circumstances surrounding his departure.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

DR. ASHU GARG,

                       Plaintiff,

v.

VHS ACQUISITION SUBSIDIARY NO. 7 d/b/a
SAINT VINCENT HOSPITAL, DAVID BADER,
JOHN MUKAI, and DOUGLAS BURD,

                 Defendants.

Civil Action No. 4:20-cv-40060-DHH

## <u>AFFIDAVIT OF AUTHENTICITY</u>

I, _____, hereby depose and state as follows:
             (print name)

1.     I am employed by _____, as _____
                                                      (print title)

(hereinafter referred to as the "Provider").

2.     I am personally familiar with the employment and educational records, and other related

documents and records that Provider creates or maintains in the ordinary course of its business.

3.     Pursuant to a subpoena issued in the above-referenced lawsuit, I conducted a reasonably

diligent search for all such employment and education related documents concerning Ashu Garg,

M.D. and collected and copied all such documents.

4.     I have attached a copy of all records that I could identify responsive to the subpoena

issued by The University of Oklahoma.   These copies are true and correct copies of all the

original records that I identified in Provider's business records as being relevant to the subpoena

and were produced and maintained in the ordinary course of Provider's business.

     Signed under the penalties of perjury this _____ day of _____, 2021.

                                         _____
                                            (Signature)