# **EXHIBIT 2**

# ROSEN & GOYAL, P.C.

September 29, 2021

**BY FIRST CLASS MAIL AND EMAIL**

Diane Saunders, Esq., Olivia L. Vehslage, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Boston Place, Suite 3500
Boston, Massachusetts 02108
diane.saunders@ogletreedeakins.com
olivia.vehslage@ogletreedeakins.com

*Re:*   *Dr. Ashu Garg v. VHS Acquisition Subsidiary No. 7 d/b/a Saint Vincent Hospital, et al.*, Civil Action No. 4:20-CV-40060-DHH (D. Mass 2020)

Dear Attorney Saunders and Attorney Vehslage,

As you know, our office represents the Plaintiff, Dr. Ashu Garg, in the above-captioned action. This letter concerns the Defendants' Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("Subpoena") a copy of which you provided to us on September 20, 2021. The Subpoena commands a non-party, the Board of Regents of the University of Oklahoma (the "University"), to produce, on or before October 19, 2021 at 5:00 PM, various documents and communications concerning Plaintiff's prior employment/residency with the University and concerning a Confidential Settlement Agreement entered between Plaintiff and the University.

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, we hereby object to the Subpoena in its entirety. The subpoena exceeds the permissible scope of discovery and is objectionable for the following reasons:

1. **Relevance.** We object on the grounds that the Subpoena seeks irrelevant documents and communications. Neither Plaintiff's prior employment nor the Confidential Settlement Agreement have any relevance in this action. You may argue that documents concerning Plaintiff's prior job performance at and claims against the University have probative value with respect to Defendants' alleged reasons for terminating Plaintiff, and Plaintiff's reasoning for filing the present action. However, this would constitute inadmissible character evidence, and therefore your requests are not reasonably calculated to lead to the discovery of admissible evidence.

2. **Privilege.** We further object on the grounds that the Subpoena seeks information that is protected by the settlement privilege, particularly any documents and communications concerning the Confidential Settlement Agreement (as well as the agreement itself), which

are therefore not subject to discovery. Many of the requests in your subpoena may also call for the production of attorney-client communications and work product.

3. **Privacy.** We further object on the grounds that the Subpoena is invasive of Plaintiff's privacy interests, as a former student and employee of the University. As you know, an employee's personnel file is considered confidential under state law, and a student's education records are also considered confidential under the Family Educational Rights and Privacy Act ("FERPA"). Even if the requested documents and communications had any relevance, these privacy interests, and the resulting prejudice to Plaintiff if the documents were to be produced, outweigh that relevance.

4. **Breadth.** We further object on the grounds that the requests in the Subpoena are, on their face, overbroad, commanding (for example) the production of "any and all documents that concern, refer to, relate to, evidence, or reflect" Plaintiff's participation in the University's residency program. It is obvious that, even if any such documents were relevant, not *every conceivable document* concerning Plaintiff's participation in the residency program would be relevant.

Based on the above objections, as well as the timing of the subpoena and Defendants prior conduct in this litigation, we strongly believe that the Subpoena is only intended to harass and embarrass Plaintiff, and as such we reserve the right to request reimbursement for any expenses incurred in connection with responding to the Subpoena. We further reserve the right to assert other, additional grounds for objection which might be revealed upon further review of the Subpoena or in the context of these proceedings.

Finally, this letter is intended as notice, both to Defendants and to the University that **Plaintiff intends to file a petition to quash and/or modify the Subpoena in the United States District Court for the Western District of Oklahoma on or before the compliance date in the Subpoena of October 19, 2021**. Therefore, in accordance with Local Rule 37.1 for the Western District of Oklahoma, we are requesting to confer with you telephonically before that time in a sincere attempt to resolve differences concerning the Subpoena without the need for judicial intervention. Attorney Anthony Gould, Plaintiff's counsel in Oklahoma, will also be in attendance at the conference. We also invite counsel for the University to attend.

Please reach out to us with your availability at your earliest convenience so that we can set up a date and time for our Rule 37.1 conference. Thank you.

Sincerely,

*/s/ Matthew Perry*
Matthew Perry

cc:   Client
      Anthony Gould, Esq.
      Michael Burrage, Esq.
      J. Renley Dennis, Esq.
      Austin Vance, Esq.